JUSTICE FREEMAN, concurring in part and dissenting in part: I agree with my colleagues in the majority that the circuit court did not err in denying the United State’s request to hold the attorney personally liable for the $38,830.73. The court today holds that such a ruling was correct because the United States did not have first claim to the funds used to pay the fees. 221 Ill. 2d at 94. I concur in that holding. In my view, the holding I describe above is the only one that can be made in this case because the sole issue before this court is limited to whether it was error to deny the United States’ request to hold the attorney personally liable. Since the entry of the judgment in the circuit court, no party but the United States has questioned the propriety of the circuit court’s final order.[12] Thus, while I agree with my colleagues that today’s rationale is in “irreconcilable conflict” with the remainder of the circuit court’s order as it pertains to other aspects of this estate (221 Ill. 2d at 96), I believe that they act well beyond the scope of this appeal when they insist upon reaching portions of the judgment which are not before us, in particular the judgment entered against the executrix. As the court acknowledges, the executrix did not appear in the proceedings leading up to the entry of the judgment or challenge the judgment on appeal. The court justifies its actions by pointing out that it can look beyond considerations of waiver in order to maintain a sound and uniform body of precedent or where the interests of justice so require. 221 Ill. 2d at 97. The court also says that it must act in this manner because of several improprieties that occurred during the probate proceedings below, as if to suggest that such irregularities render the heretofore unchallenged aspects of the circuit court’s judgment subject to plenary review in this court. 221 Ill. 2d at 97. Finally, the court invokes its supervisory authority, a power described as being “bounded only by the exigencies which call for its exercise” (221 Ill. 2d at 97-98) as further justification for its action. The court therefore appears to employ three different rationales as support for its decision to address the unchallenged aspects of the circuit court’s order, none of which I find particularly persuasive after carefully considering the record in this case. I believe a remand would better solve the problem caused by the “irreconcilable conflict” between our holding and the circuit court’s final order. Today’s opinion would serve to provide the circuit court and the parties with the correct legal analysis that is to be used when considering the final account of this estate. Moreover, the procedural irregularities evinced by the record and pointed out by the court sua sponte in its opinion lead me to believe that it is unwise for this court to attempt to take matters into its own hands, however laudable its intentions are for a final resolution of this lengthy and protracted litigation. While the situation in this case is highly unusual, I do not believe it warrants the extraordinary use of our supervisory authority to reach those aspects of the court’s order which deal with the executrix. 221 Ill. 2d at 96-97. The more prudent and judicious course of action is to remand the matter to the circuit court with specific instructions to reconsider its entire final account of the estate and judgment in light of this opinion, particularly in light of the conflicts between accounts. I therefore would order the circuit court to (i) reopen the estate, (ii) appoint the public administrator to protect the interests of the estate and the widow/ executrix, (iii) order the public administrator to review the final account prepared in this case in light of today’s opinion, and (iv) enter a final order, consistent with today’s opinion and closing the estate, upon receipt of the public administrator’s review within 90 days of the issuance of this court’s mandate. It is unclear from the court’s opinion under which supreme court rule this appeal was taken.